Filing # 188443949 E-Filed 12/20/2023 03:13:14 PM

IN THE CIRCUIT COURT FOR THE
4TH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

RIANA MADISON,

    Plaintiff(s),

                                                 Case No:

v.

FLORIDA STATE COLLEGE OF JACKSONVILLE,
a Florida College System Member and Public Company,

    DEFENDANT (s).

_____/

## COMPLAINT

PLAINTIFF, RIANA MADISON (hereinafter "RIANA" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FLORIDA STATE COLLEGE OF JACKSONCILLE ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees and costs.

2. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Florida Civil Rights Act of 1992, Chapter 760, *et seq.* ("FCRA") and the Americans with Disabilities Act of 1990 42 U.S.C. § 12111, *et seq.* ("ADA") to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

1

3. Jurisdiction of this Court is invoked pursuant to the FCRA as Defendant is a covered employer located in Duval County with more than 15 employees within a 70 mile radius and Plaintiff is a Florida Resident who worked or Defendant in Duval County.

4. Defendant operates a college located at 101 W State St., Jacksonville, FL 32202.

5. Plaintiff is now and was a resident of Duval County while working for Defendant

6. Plaintiff was an employee of Defendant, performing duties in Duval County, Florida.

7. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, *Fla Stat. Section 760, et seq.*

9. Venue is proper in Duval County because all of the actions complained of herein occurred in Duval County and payment was due in Duval County.

10. On or about April 10, 2023, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agency which is responsible for investigating claims of employment discrimination, Case Number 510-2023-04114, which is in defendant's possession. **Exhibit A.**

11. A Right to Sue Issued on September 25, 2023 and this complaint is therefore Timely filed as it is filed within 90 days of the right to sue letter being issued. This document was copied to the Florida State College of Jacksonville and is in their possession. **Exhibit B.**

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff is a disabled female, in fact, a disabled veteran. Plaintiff suffers from chronic PTSD, Depression, Anxiety, peripheral Neuropathy of the lower extremities, BTI and migraines.

14. Plaintiff worked for Defendant starting in September of 2021 as a project coordinator earning $21.83 per hour as a W2 Hourly employee.

15. Carissa Gardner was Plaintiff's supervisor and engaged in a pattern of discriminating against disabled veterans as described in this complaint.

16. Carissa Gardner was intimately aware of all of plaintiff's ADA Qualified disabilities as outlined above.

17. In fact, there are multiple complaints against Carissa Gardner showing she is engaged in habitual behaviors of discriminating against disabled veterans.

18. Carissa openly discussed with others, in violation of Hippa and medical privacy laws, Plaintiff's disability status.

19. Others involved include but are not limited to Terry Smith, Jason Ferris and Dean Douglas Brauer.

20. Coparators that were not disabled veterans but were treated better than Plaintiff include Cheryl Mannign Glass and Darrel High.

21. Carissa engaged in behaviors that included but were not limited to mistreatment, disrespectful language, neglect and refusal to properly supervise and communicate with Plaintiff.

22. Carissa, as an administrative representative of Defendant, intentionally made plaintiff's workday so difficult, plaintiff was constructively terminated as she was unable, for weeks and months, to perform her job without abusive behaviors from Carissa.

23. Plaintiff complained about Carissa to HR and nothing was done. Defendant adopted the behaviors of Carissa as their own.

24. Plaintiff, in her letter of resignation, outlined the abuses she suffered. This document will be provided during discovery as it is not in the possession of Plaintiff at this time but remains in Defendant's possession.

25. Any reason proffered by Defendant for Plaintiff's treatment and the eventual separation is mere pretext for unlawful discrimination and retaliation on the basis of Plaintiff's disability; throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels

26. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

27. Plaintiff has suffered great emotional stress, anxiety, loss of sleep and loss of enjoyment of life as a result of Defendant's actions.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. Plaintiff is a member of a protected class under the FCRA as she has a multiple veteran related disabilities covered by the ADA.

4

30. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

31. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

32. DEFENDANT's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the DEFENDANT for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this

complaint as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA as she is disabled and seen as disabled by Defendant.

41. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the DEFENDANT 's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

45. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

7

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Disability Discrimination in Violation of the ADA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under the ADA.

51. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

52. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has multiple ADA covered disabilities.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and Federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff 'statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

m. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

n. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

o. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

p. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

r. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of the ADA*

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

61. Plaintiff is a member of a protected class under the ADA.

62. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

63. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

- s. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;
- t. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;
- u. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been

discriminated against by Defendant, or in lieu of reinstatement;

v. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant PLAINTIFF such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 20, 2023

Respectfully submitted,

*/s/ Daniel H. Hunt, Esq.*

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723
Attorney for PLAINTIFF

# EXHIBIT A

EEOC MIAMI DISTRICT OFFICE
RECEIVED 02/27/2023

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | X FEPA (FCHR)<br>X EEOC<br>___ MDCCHR | 510-2023-04114 |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR – Florida Commission on Human Relations,
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>Riana Madison | Home Phone (Incl. Area Code)<br>3[redacted] | Date of Birth<br>[redacted] |
|---|---|---|
| Street Address<br>[redacted] | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Florida State College of Jacksonville<br>carissa.gardner@fscj.edu | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>(904) 632-5148 |
|---|---|---|
| Street Address<br>101 W State St | City, State and ZIP Code<br>Jacksonville, FL 32202 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

___ RACE  ___ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN

_X_ RETALIATION  ___ AGE  _X_ DISABILITY  ___ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: September, 2021    Latest: August 1, 2022
___ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

I started working for Florida State College of Jacksonville in September of 2021 as a project coordinator earning $[redacted] per hour as a W2 Hourly employee. I was discriminated against by my supervisor, Carissa and filed both written and oral complaints over the last many months. Carissa is engaged in a pattern of behavior of discriminating against disabled veterans. There are two other outstanding complaints against her.

I was constructively terminated as I had to quit as my employer was unwilling to address the issue though complaints had been lodged. Carissa Gardner had discussions with me about my disability and veteran status. She was aware of my disability and veteran status. Two others that were involved here include Terry Smith and Jason Ferris. Dean Douglas Brauer is Carissa's supervisor.

I was mistreated, disrespected, neglected, my supervisor refused to communicate with me about my position and/or how to effectively work making it difficult to do so. Employee relations just let these things happen without taking action as is required by law adopting my supervisor's discrimination as their own and effectively approving of her behavior. Others that were not disabled veterans and treated better include Cheryl Mannign Glass, Darrel High and Kevin (LNU).

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, the Florida Civil Rights Act, the Americans with Disabilities Act and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2/26/2023 | |
| Date    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

September 25, 2023

**VIA EMAIL:dhuntlaw@gmail.com**

Riana Madison c/o
Daniel H. Hunt, ESQ
P.O. Box 565096
Miami, FL 33256

Re:   EEOC Charge Against:   Florida State College of Jacksonville
      EEOC No.:   510-2023-04114

Dear Ms. Madison:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u> This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Miami District Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division

BY: *Celeste A. Adams-Simmons*
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section

Enclosures:
  Notice of Rights under the ADAAA

cc:   Florida State College of Jacksonville
      EEOC- Miami District Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**
- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

3

> ➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> ➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.